IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

------------------------------------------------------------ :
ADELE PIGNATIELLO,                                  : CASE NO.  1:10 CV 01653
                                                                       :
                                                      Plaintiff  :
                                                                       : MEMORANDUM OF OPINION AND
                        -vs-                                : ORDER GRANTING DEFENDANTS'
                                                                       : MOTION FOR SUMMARY JUDGMENT
                                                                       :
PLASTIPAK PACKAGING, INC.,                 :
                                                                       :
                                                 Defendant.  :
------------------------------------------------------------ :

UNITED STATES DISTRICT JUDGE LESLEY WELLS

   Plaintiff Adele Pignatiello ("Ms. Pignatiello") brought this intentional tort action in Medina County Court of Common Pleas, pursuant to O.R.C. § 2745.01, which Defendants Plastipak Packaging, Inc. and Plastipak Holdings, Inc. ("Plastipak") removed on diversity grounds.  (Doc. 1).  Ms. Pignatiello alleges that Plastipak, her employer, is liable for intentionally tortious conduct that resulted in the Plaintiff's permanent injury and disability on 3 July 2008, when she was struck by a forklift in the course of her employment.

   Plastipak now moves for summary judgment (Doc. 20), contending that, as a matter of law, Ms. Pignatiello has not provided the requisite evidence under the Ohio workers employment intentional tort statute, O.R.C. 2745.01, to show that Plastipak acted with a "direct" or "deliberate" intent to harm her, or with the belief that the injury

was substantially certain to occur.  Ms. Pignatiello opposes the summary judgment motion, contending that factual questions of intent to injure remain for the jury.  (Doc. 21).  In its reply, Plastipak maintains the evidence not only fails to establish that Ms. Pignatiello's injury was "substantially certain to occur", but also fails to even permit the Court to reach a conclusion as to how the injury occurred.  (Doc. 22).

For the reasons set forth below, this Court finds Ms. Pignatiello's claims may be dismissed as a matter of law.   Accordingly, this Court will grant Defendant's motion for summary judgment against Ms. Pignatiello's intentional tort claims.

**I.     BACKGROUND**

From the record evidence provided the Court learns that Ms. Pignatiello was hired as a relief line tech by Plastipak in November 2005, where she worked in the beverage department of the defendant's plant manufacturing plastic containers. The plant also operated various types of powered equipment, including tow motors, commonly known as forklifts, operated by Ms. Pignatiello's co-workers.  To separate foot and motor traffic, the plant had established designated areas, through the use of yellow stripping tape or paint to regulate the location for foot traffic through the plant. Ms. Pignatiello made her way through the plant to the Quality Control office at the end of each twelve-hour shift, to attend to the tickets and tags related to her line work.  She was fulfilling this responsibility at the end of her shift on 3 July 2008, and speaking with her line-relief co-worker, Laura Mignogna, in the Quality Control office when, at some point after departing from the office, she was struck by a forklift and severely injured.

2

Ms. Pignatiello does not fully recall the events surrounding her injury.  Ms Pignatiello remembers exiting the office door then returning to the office to give further information to her line-relief co-worker, before leaving again through the same office door.  She testified that she does not remember where she was when she was struck, but did testify that she was inside the pedestrian walkway or aisleway that separates pedestrian and motor traffic.

The incident investigation report filed by the forklift operator, Stephen King, indicates that his right wheel struck Ms. Pignatiello's ankle.  He notes in his report that she had stepped out of the door of the Quality Control office and into the aisleway.  (Doc. 20; Exh. D).  There is no indication from his report whether she was in the pedestrian walkway or beyond the striped lines and into the forklift causeway.  Mr. King was not deposed.

Photographic evidence taken at the time of the incident, and testimony from Maurice Keith, the only other employee present in the immediate area at the time of the incident, indicate that the pedestrian aisle in which Ms. Pignatiello was walking was uncluttered such that she could see a tow motor driver coming from either direction.  Ms Pignatiello testified that she believed a tow motor driver could see her.  While Mr. Keith was in the immediate vicinity of the incident he did not witness the event, but rather, came to the place of the encounter after hearing Ms. Pignatiello's screaming.

There was testimony from Laura Mignogna, Plaintiff's co-worker and a member of the plant's safety committee, concerning general efforts, prior to Ms. Pignatiello's injury, to enhance pedestrian safety in the Plastipak plant and to, generally, raise awareness of tow motor traffic.  Kent Pasko, Plastipak's regional safety engineer,

provided deposition testimony involving safety measures taken in the plant, past "near misses" between pedestrians and forklifts in the plant, and pedestrian congestion during shift changes. Mr. Keith testified to measures taken by the site manager, Chris Evans, to regulate pedestrian traffic through the use of pedestrian walkways. Mr. Pasko also acknowledged that organizations such as the National Institute of Occupational Safety and Health (NIOSH), recommended separating forklift and pedestrian traffic where possible through the installation of physical barriers such as guardrails. Guardrails were installed in the area of Ms. Pignatiello's injury sometime after the event that resulted in her injury.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The moving party:

> always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Id. at 323; see also Boretti v. Wiscomb, 930 F.2d 1150, 1156 (6th Cir.1991) (moving party has the "burden of showing that the pleadings, depositions, answers to interrogatories, admissions and affidavits in the record, construed favorably to the nonmoving party, do not raise a genuine issue of material fact for trial") (quoting Gutierrez v. Lynch, 826 F.2d 1534, 1536 (6th Cir.1987)). The burden then shifts to the

4

nonmoving party who "must set forth specific facts showing that there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986) (quoting Fed.R.Civ.P. 56(e)). Thus, "[o]nce the moving party has met its initial burden, the nonmoving party must present evidence that creates a genuine issue of material fact making it necessary to resolve the difference at trial." Talley v. Bravo Pitino Restaurant, Ltd., 61 F.3d 1241, 1245 (6th Cir.1995). Read together, Liberty Lobby and Celotex stand for the proposition that a party may move for summary judgment by demonstrating that the opposing party will not be able to produce sufficient evidence at trial to withstand a motion for judgment as a matter of law pursuant to Fed.R.Civ.P. 50. Street v. J.C. Bradford & Co., 886 F.2d 1472, 1478 (6th Cir.1989).

Once the burden of production has shifted, the party opposing summary judgment cannot rest on its pleadings or merely reassert its previous allegations. It is not sufficient to "simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986); see also Michigan Protection and Advocacy Serv., Inc. v. Babin, 18 F.3d 337, 341 (6th Cir.1994) (marking as standard that the plaintiff must present "more than a scintilla of evidence in support of his position; the evidence must be such that a jury could reasonably find for the plaintiff"). Rather, Rule 56(e) "requires the nonmoving party to go beyond the [unverified] pleadings" and present some type of evidentiary material in support of its position. Celotex Corp., 477 U.S. at 324. Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

5

Fed. R. Civ. P. 56(c).  Summary judgment shall be denied "[i]f there are . . . 'genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.'"  Hancock v. Dodson, 958 F.2d 1367, 1374 (6th Cir.1992) (citation omitted).

Summary judgment should be granted if a party who bears the burden of proof at trial does not establish an essential element of his case.  Tolton v. American Biodyne, Inc., 48 F.3d 937, 941 (6th Cir. 1995) (citing Celotex, 477 U.S. at 322).  Accordingly, "the mere existence of a scintilla of evidence in support of plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff."  Copeland v. Machulis, 57 F.3d 476, 479 (6th Cir. 1995) (quoting Anderson, 477 U.S. at 52 (1986)).  Moreover, if the evidence is "merely colorable" and not "significantly probative," the court may decide the legal issue and grant summary judgment.  Anderson, 477 U.S. at 249-50 (citation omitted).

Finally, in ruling on a motion for summary judgment, "[a] district court is not ... obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim." InterRoyal Corp. v. Sponseller, 889 F.2d 108, 111 (6th Cir.1989). Instead, a "court is entitled to rely, in determining whether a genuine issue of material fact exists on a particular issue, only upon those portions of the verified pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits submitted, specifically called to its attention by the parties." Id.; Fed.R.Civ.P. 56(c). The analysis now turns to the merits of Defendant's motion for summary judgment.

6

In reviewing an Ohio claim, this Court must apply the law of Ohio, as interpreted by the Supreme Court of Ohio. Northland Ins. Co. v. Guardsman Prods. Inc., 141 F.3d 612, 617 (6th Cir.1998). Specifically, this Court must apply the substantive law of Ohio " 'in accordance with the then-controlling decision of the highest court of the State.' " Imperial Hotels Corp. v. Dore, 257 F.3d 615, 620 (6th Cir. 2001) (quoting Pedigo v. UNUM Life Ins. Co., 145 F.3d 804, 808 (6th Cir. 1998). Also, to the extent that the highest court in Ohio has not addressed the issue presented, this Court must anticipate how Ohio's highest court would rule. Id. (quoting Bailey Farms, Inc. v. NOR–AM Chem. Co., 27 F.3d 188, 191 (6th Cir. 1994).

### III. LAW AND ANALYSIS

#### A. Intentional Tort Claims in Ohio

Employees who sustain injury on the job are generally subject to the exclusive remedy provisions of the Ohio Workers' Compensation Act, Ohio Revised Code § 4123.74. However, an employee may pursue an action against her or his employer under Ohio Revised Code § 2745.01 when an employer acts with specific intent to cause an injury. In two separate decisions, the Ohio Supreme Court has upheld the constitutionality of § 2745.01. See Kaminski v. Metal & Wire Prods. Co., 125 Ohio St.3d 250, 927 N.E.2d 1066 (2010); Stetter v. R.J. Corman Derailment Servs., LLC, 125 Ohio St.3d 280, 927 N.E.2d 1092 (2010).

Section 2745.01 provides:

(A) In an action brought against an employer by an employee ... for damages resulting from an intentional tort committed by the employer

7

> during the course of employment, the employer shall not be liable unless the plaintiff proves that the employer committed the tortious act with the intent to injure another or with the belief that the injury was substantially certain to occur.
>
> (B) As used in this section, "substantially certain" means that an employer acts with deliberate intent to cause an employee to suffer an injury, a disease, a condition, or death.
>
> (C) Deliberate removal by an employer of an equipment safety guard or deliberate misrepresentation of a toxic or hazardous substance creates a rebuttable presumption that the removal or misrepresentation was committed with intent to injure another if an injury or an occupational disease or condition occurs as a direct result.

Ohio Revised Code § 2745.01.

The statute was amended in 2005 and has since been reviewed by the Ohio Supreme Court in its decisions in Kaminski and Stetter. Ohio courts recognize that a plaintiff may sustain an employer's intentional tort claim in two ways: (1) under subsections (A) and (B), arguing that the employer committed a tortious act with the intent to injure, or with the belief that the injury was substantially certain to occur, and (2) under subsection (C), contending that an employer deliberately removed an equipment safety guard, thereby creating a rebuttable presumption that the removal was committed with intent to injure.

The Ohio legislature's intent in enacting § 2745.01, "as expressed particularly in 2745.01(B), is to permit recovery for employer intentional torts only when an employer acts with specific intent to cause an injury, subject to subsections (C) and (D)." Kaminski, 125 Ohio St.3d at 263, 927 N.E.2d 1066 (citing Talik v. Fed. Marine Terminals, Inc., 117 Ohio St.3d 496, 885 N.E.2d 204 (2008) for the proposition that the statute "modified the common-law definition of an employer intentional tort" by rejecting

8

"the notion that acting with a belief that injury is substantially certain to occur is analogous to wanton misconduct"); see also Stetter, supra, Syllabus ¶ 3 (the statute "does not eliminate the common-law cause of action for an employer intentional tort" even though it "significantly limits" such lawsuits).

The Ohio Supreme Court recognized that while this revised statute does not eliminate the common-law cause of action for an employer intentional tort, it constrains such an action. Kaminski v. Metal & Wire Prods. Co., 125 Ohio St.3d at 263, 927 N.E.2d 1066 (Ohio 2010). As the Court explained, "the General Assembly's intent in enacting R.C. 2745.01, as expressed particularly in 2745.01(B), is to permit recovery for employer intentional torts only when an employer acts with specific intent to cause an injury, subject to subsections (C) and (D)." Id. As noted in Kaminski,

> [Professor Larson's treatise] reasons that "[e]ven if the alleged conduct goes beyond aggravated negligence, and includes such elements as knowingly permitting a hazardous work condition to exist, knowingly ordering employees to perform an extremely dangerous job, wilfully failing to furnish a safe place to work, wilfully violating a safety statute, failing to protect employees from crime, refusing to respond to an employee's medical needs and restrictions, or withholding information about worksite hazards, the conduct still falls short of actual intention to injure that robs the injury of accidental character." (Footnotes omitted.) Id. at Section 103.03.

Kaminski at ¶ 100, fn. 16.

In an Ohio case involving an employee injury resulting from the handling of molten magnesium, in which the Court found that the evidence reflected the defendant's conduct was "clearly reprehensible" and "amounted to a reckless disregard for the safety of its employees", the absence of evidence of a specific intent to injure meant that the conduct did not rise to the level of an employer intentional tort under O.R.C.

9

2745.01.  See Meadows v. Air Craft Wheels, L.L.C., 2012 WL 253344, at *5 (Ohio Ct. App. Jan. 26, 2012).  The Ohio court noted in Meadows:

> Even when an employer is aware of a dangerous condition and fails to take action to correct the situation, such conduct does not meet the statutory requirements without evidence of an actual intent to cause injury.  See Hubble v. Haviland Plastic Prods. Co., 3d Dist. No. 11–10–07, 2010–Ohio–6379, 2010 WL 5541117, ¶ 9.  Also, the failure to provide protective equipment and the failure to adequately train and supervise do not rise to the level of a deliberate intent to cause injury. See McCarthy v. Sterling Chems., Inc., 193 Ohio App.3d 164, 2011–Ohio–887, 951 N.E.2d 441, ¶ 14 (1st Dist.); Fickle v. Conversion Technologies Internatl., Inc., 6th Dist. No. WM–10–016, 2011–Ohio–2960, 2011 WL 2436750, ¶ 48.  Further, alleged deficiencies in training, safety procedures, safety equipment, instructions, or warnings, have been found to show recklessness, but are insufficient to create a genuine issue of material fact as to deliberate intent.  S ee Roberts v. RMB Ents., Inc., 12th Dist. No. CA2011–03–060, 2011–Ohio–6223, 2011 WL 6017958.

Meadows v. Air Craft Wheels at ¶18

### B.  Absence of Intent

The testimony and evidence provided the Court in this instance do not support the essential elements of any of the intentional tort claims alleged in Ms. Pignatiello's complaint.  Put more specifically, considered at its most favorable with regard to the Plaintiff, the record does not contain the evidence on which a rational trier of fact could find that Plastipak harbored the requisite, specific intent demanded in ORC § 2745.01. First, paragraph (A) of § 2745.01 specifies that liability cannot be imposed upon an employer for an employee's injury merely because it is found that the employer committed an intentional tort.  Rather, liability under § 2745.01(A) can only be imposed if it is determined that the employer "committed the tortious act with the intent to injure another or with the belief that the injury was substantially certain to occur."  This language, by specifying that the tortfeasor must intend the consequences of its actions,

and not simply the action itself, necessarily imposes a specific intent requirement as a prerequisite to a finding of liability.

Evidence and testimony indicate that Plastipak provided, and Ms. Pignatiello used, designated pedestrian walkways, safety devices, and training as it related to pedestrians and tow motor traffic in the workplace.  Evidence indicates the driver of the tow motor involved in the incident was trained and certified.  Finally, testimony establishes that the pedestrian walkways were adequate to accommodate Ms. Pignatiello at the time of the incident and enabled her to be seen by passing tow motor operators.  The evidence and testimony fail to establish the requisite intent necessary to satisfy the legal elements of a deliberate intent to injure claim.  Nor does the Plaintiff's reliance upon the meeting minutes of the employee's safety committee or the NIOSH recommendations to separate workers from tow motor traffic provide the necessary specific intent.

Second, the specific intent requirement of O.R.C. § 2745.01 may only be found to exist where the actor, although not directly intending to cause harm, is substantially certain that a harm will result.  Paragraph (B) of § 2745.01 defines "substantially certain" to mean "that an employer acts with deliberate intent to cause an employee to suffer an injury . . . ."  The Ohio statutory framework for establishing substantial certainty requires proof of deliberate intent to cause an injury.  The testimony and evidence fall short of providing the specific intent necessary for showing Plastipak was substantially certain a harm would result in the use of painted pedestrian aisles to manage separate pedestrian traffic and tow motor activity.

11

Where, as here, the employers conduct fails to "rob[ ] the injury of accidental character" Kaminski 125 Ohio St. 3d at 273, n. 16, then consequently, the employer's conduct cannot be determined to meet the actual intent to injure standard laid down by Ohio courts. Because Plastipak neither acted with deliberate intent to injure Ms. Pignatiello, nor was substantially certain that a harm would result, under O.R.C. 2745.01(A) & (B), summary judgment will be awarded to Plastipak on Ms. Pignatiello's claims.

### IV. CONCLUSION

For the reasons set forth above, this Court dismisses all of Ms. Pignatiello's claims against Defendants Plastipak Packaging, Inc. and Plastipak Holdings, Inc. as insufficient as a matter of law pursuant to Fed. R. Civ. P. 56.

IT IS SO ORDERED.

    /s/Lesley Wells
UNITED STATES DISTRICT JUDGE